IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

MICHAEL RENAE HAGMAN,

Plaintiff,

vs.

MIKE MCMAHON,

Defendant.

CV 26-99-BU-SPW

ORDER

Plaintiff Michael Renae Hagman, a state detainee proceeding without counsel, has lodged a Complaint and moved to proceed in forma pauperis. (Docs. 1 and 2.) However, Hagman has not filed an account statement that covers the last six months of his detention, as directed by the Clerk of Court. (Doc. 3.) The account statement is a legal requirement, and Hagman's Complaint cannot be filed until the statement is received and Hagman's motion granted. 28 U.S.C. § 1915(a)(2).

In addition, it appears that a third person, not a licensed attorney or a member of the State Bar of Montana, has been filing documents for Hagman. (Docs. 4 and 5.) This situation likely violates the local rules of the District of Montana and Fed. R. Civ. P. 11. D. Mont. L.R. 83.8(a), governing pro se litigants, requires that "[a]ny individual acting without an attorney must appear personally

and may not delegate that duty to any other person who is not a member of the bar of this court."

In addition, a pleading or motion must be signed by an attorney or the party. Fed. R. Civ. P. 11(a). That signature is the party's certification that the document is not filed for an improper purpose, and that its allegations of fact and statements of law are warranted. Fed. R. Civ. P. 11(b). The signature further acknowledges that, should Rule 11 be violated, the party is subject to sanctions. Pro se litigants are subject to this standard and sanctions, including monetary, as much as attorneys are. Fed. R. Civ. P. 11(c). This liability is one reason that incarcerated plaintiffs must be wary of the assistance of others who will not bear the cost of their incorrect legal advice. Hagman is advised that his future filings must be signed by him personally, or they will be returned by the Clerk of Court.

Accordingly, it is HEREBY ORDERED:

1. By November 13, 2026, Hagman must file a proper account statement, reflecting his last six months of incarceration.

2. In the alternative, Hagman may pay the filing fee of $405. If Hagman fails to pay his fee or properly move to proceed in forma pauperis, the Clerk of Court is directed to close the case.

3. At all times, Hagman must update the Court regarding any change of address. Failure to comply with any part of this Order may result in dismissal of

Hagman's case. Fed. R. Civ. P. 41.

DATED this 22 day of October, 2026.

Susan P. Watters

SUSAN P. WATTERS
United States District Judge